# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:20-MJ-86-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CHOU CHANG YANG, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's "Pro Se Motion for Compassionate Release," Docs. 22, 23 and 24, and the Government's Response in Opposition, Doc. 26, and related medical exhibits, Doc. 27.

## I. BACKGROUND

Defendant was named in a seven-count Bill of Indictment on September 17, 2019, charging her with conspiracy to distribute and possess with intent to distribute methamphetamine, attempted possession with intent to distribute methamphetamine, and distribution of and possession with intent to distribute methamphetamine. She was later charged with simple possession of methamphetamine in a one-count Bill of Information filed on March 12, 2020. Doc. 1. As part of her plea agreement, the parties agreed to jointly recommend the statutory maximum penalty of 365 days imprisonment. Doc. 3. She entered a guilty plea and was sentenced to 365 days of imprisonment on May 7, 2020. Doc. 17. The Bill of Indictment was dismissed on the day she was sentenced. See 5:10CR65, Doc. 155.

Defendant was given an extension of time to report to BOP until December 1, 2020. On May 4, 2021, she filed a Motion for Hardship Credit for Hard Time Served, which was denied by this Court that same day. Doc. 21. Defendant is serving her sentence at Aliceville FCI with an anticipated release date of November 22, 2021.

In her Motion, she represents that she has been diagnosed with anemia while incarcerated and suffers from high blood pressure, high cholesterol, carpal tunnel, high potassium, diabetes, depression, and arthritis. She argues that her medical issues, BOP's operations under the COVID-19 modified schedule, and her health that is "failing at an alarming rate" amount to extraordinary and compelling reasons for her release. She admits that her medical conditions are being treated with medication in the BOP, but states that the dosage for all her medication is significantly lower than her family doctor prescribed. Defendant has been fully vaccinated against COVID-19. She received doses of the Pfizer vaccine on March 10, 2021 and March 31, 2021. Doc. 26, Ex. 1.

Defendant states that she has exhausted her BOP remedies by filing a formal request for compassionate release with the Warden and Reduction in Sentence Coordinator at her facility on March 24, 2021. She also represents that she has not received a response from her facility.

## II.     DISCUSSION

Ordinarily, a court may not modify a sentence once it is imposed. 18 U.S.C. § 3582(c). Section § 3582(c)(1)(A)(i) provides an exception that allows a court to reduce a sentence after consideration of the factors in § 3553(a), upon finding that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Fourth Circuit recently recognized that the Sentencing Commission has not issued policy statements since the amendment of §

3582(c)(1)(A) by the First Step Act. United States v. McCoy, 951 F.3d 271, 276 (4th Cir. 2020). But the Fourth Circuit acknowledged the previously issued policy statement, USSG §1B.13, "remains helpful guidance" for motions filed by defendants in district court. Id. at n.7.

After McCoy, defendants still must "meet the heightened standard of 'extraordinary and compelling' reasons [to] obtain relief" under the statute. McCoy, 981 F.3d at 287; see also United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020) ("The statute itself sets the standard: only 'extraordinary and compelling reasons' justify the release of a prisoner" under § 3582(c)(1)(A)(i)). The Fourth Circuit's decision recognizes that § 3582(c)(1)(A)(i) "set[s] an exceptionally high standard for relief" and the "extraordinary and compelling reasons" standard is reserved for "the truly exceptional cases." McCoy, 981 F.3d at 287–88. Defendant bears the burden of proving her suitability for a § 3582 sentence reduction. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013). As the language in the statute makes clear, compassionate release is "rare" and "extraordinary." United States v. Willis, 382 F. Supp. 3d 1185, 1188 (D.N.M. 2019) (citations omitted).

### A. Extraordinary and Compelling Reasons

The statute does not define "extraordinary" or "compelling," but the Sentencing Commission's guidance defines extraordinary and compelling reasons and provides examples. USSG §1B1.13 comment. n.1. The COVID-19 pandemic, which poses a general threat to every non-immune person in the country, does not alone provide a basis for sentence reduction. The Guideline policy statement describes specific serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. The Third Circuit held "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot

independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

That does not mean that COVID-19 is irrelevant to the Court's analysis of a motion under Section 3582(c)(1)(A). COVID-19 may affect whether an inmate can show "extraordinary and compelling reasons" warranting compassionate release under 18 U.S.C. § 3582(c)(1)(A). To make such a showing, a defendant must show that she has a condition or characteristic that is a cognizable basis for compassionate release under the current criteria, that the condition or characteristic elevates her risk of becoming seriously ill from COVID-19 under the CDC guidelines, and that she is more likely to contract COVID-19 in her particular institution than if released. See United States v. Feiling, No. 3:19cr112, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020) (collecting cases).

If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of "extraordinary and compelling reasons." Under those circumstances, a chronic condition (i.e., one "from which [the defendant] is not expected to recover") may reasonably be found to be "serious" and to "substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I). The CDC's list of risk factors appears at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. It includes a list of conditions that "can make you more likely to get severely ill from COVID-19." An inmate who has not been offered a vaccine and suffers from a condition on

that list presents an "extraordinary and compelling reason" allowing consideration of compassionate release.

Defendant is sixty-one years old and suffers from the COVID-19 risk factor of diabetes. The Government concedes in its Response, Doc. 26, that Defendant's diabetes is a chronic medical condition that the CDC has identified as elevating her risk of becoming seriously ill from COVID-19. This condition, if substantiated, may satisfy the standard of "extraordinary and compelling reasons." But Defendant does not argue her vulnerability from diabetes as a basis for her release. Even if she had raised this argument, it would not constitute an "extraordinary and compelling reason" since she has been fully vaccinated. In March of 2021, BOP administered both doses of the Pfizer vaccine to Defendant. Doc. 27.

The available vaccines provide effective protection against severe illness or death that may result from COVID-19. The CDC states that the vaccines are "safe and effective," and "[g]etting vaccinated prevents severe illness, hospitalizations, and death." https://www.cdc.gov/aging/covid19/covid19-older-adults.html (accessed Aug. 13, 2021). Accordingly, once a vaccine is available to an inmate, compassionate release is not warranted based upon the threat of COVID-19 alone. See United States v. Reed, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021) ("Now that COVID-19 vaccinations are being administered throughout the Bureau of Prisons, compassionate release motions [based on COVID-19] generally lack merit.").

The parties have provided extensive medical records documenting Defendant's numerous health issues. Docs. 23, 24 and 27. Although Defendant highlights a handful of medical conditions, she has failed to establish that they are causing serious deterioration of her health or limiting her

ability to function in prison. In her Motion, she points to her diabetes, anemia, high blood pressure, high cholesterol, carpal tunnel, high potassium, depression, and arthritis. Doc. 22. She does not explain how these conditions are causing her health to decline rapidly. She simply makes a conclusory statement that her "health is failing at an alarming rate" and she believes her demise is imminent. Id. at 2. She alleges that the dosage of her medication is significantly lower than what her family doctor prescribed. Id. But her current dose of Lisinopril is higher than what her records reflect as her family doctor's prescription, and Atorvastatin has been added to her regimen to treat her diabetes. Doc. 27. Regardless, she does not explain how differences in dosages prescribed by her doctors have led her health to fail or inadequately manage her conditions. Moreover, she offers no explanation of how her health is poor or worse than when she began her sentence nine months ago.

Additionally, her contention of deteriorating health is belied by her medical records. There is no evidence of deterioration. Defendant reported to probation that she suffered from diabetes, hypertension, high cholesterol, arthritis, and carpal tunnel at the time of her Pre-Sentence Report in May of 2020. Doc. 9. She also told Probation that she had been receiving mental health treatment since 2001 and that her depression and anxiety were controlled with medication. Id. While she suffered from the vast majority of her current conditions at the time she was sentenced, her only new issues are anemia and high potassium.

Defendant has been instructed by the medical staff at her facility to take a stool softener and iron tablet daily to treat her anemia. Doc. 27. Follow-up blood tests were ordered by the doctor at her institution to monitor her potassium levels. Id. These tests were conducted in March, May, and June of 2021 and showed that her potassium level decreased each time. Id. She was seen by medical staff in January, February, March, April, May, and June of this year, sometimes more than

once a month. Id. After complaining of chest pain in January, she was given an EKG and evaluated. A follow up with psychology was recommended. Id. When her blood pressure was not well controlled in January, her medication was increased. Id. The Court finds that Defendant is receiving appropriate care at her institution and her conditions are well controlled by medication and monitoring by medical staff. She has offered no examples of how she cannot provide self-care in her institution.

In sum, she has presented no evidence that her physical condition is deteriorating while in prison nor that it is impairing her ability to provide self-care. Although she faces chronic health issues, she has not met her burden to show that her condition is so debilitating as to warrant a reduction in her sentence. See Lisi, 440 F.Supp.3d. 246 (S.D.N.Y. 2020) ; see also United States v. Ayon-Nunez, No. 1:16cr00130, 2020 WL 704785 (E.D. Cal. Feb. 12, 2020); United States v. Crawford, No. 1:07CR371-1, 2019 WL 6615188 (M.D.N.C. Dec. 5, 2019).

Accordingly, the Court finds that Defendant has not established extraordinary and compelling reasons to justify her early release from confinement.

### C. Section 3553(a) Factors

Even if Defendant presented extraordinary and compelling reasons, the Court would not exercise its discretion to reduce her sentence after considering the § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A); USSG §1B1.13. Defendant should be required to serve the sentence that this Court imposed for her criminal conduct. She was caught on a wiretap discussing methamphetamine transactions at her residence with her co-conspirators. Over nine kilograms of methamphetamine was mailed to her residence in one shipment during June of 2019. Defendant assisted with the exchange of methamphetamine and money on her property. She oversaw the retrieval of three

pounds of methamphetamine from a car at her residence, attempted to collect and count the money, and reported back to a co-conspirator. She worried about thousands of dollars missing when she could not locate the cash. On other occasions, an informant was directed to Defendant's residence to give her co-conspirator money. When Defendant was arrested, she made incriminating statements and law enforcement seized five firearms from her residence. At the time of her offense, she was engaged in drug trafficking activities that presented a significant danger to the community. Her criminal conduct took place only two years ago, when she was suffering from most of the conditions she presents with today. The original sentence remains sufficient but not greater than necessary to accomplish the sentencing purposes in § 3553(a), to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence, and protect the public from further crimes by this Defendant.

The Court will decline to exercise its discretion under 18 U.S.C. § 3582(c)(1)(A) because it finds that Defendant has not established extraordinary and compelling reasons to reduce her sentence, and that the factors in 18 U.S.C. § 3553(a) call for a sentence of twelve months imprisonment.

IT IS THEREFORE ORDERED that Defendant's "Pro Se Motion for Compassionate Release," Docs. 22, is **DENIED**.

The Clerk is directed to certify copies of this Order to pro se Defendant and the United States Attorney.

**SO ORDERED**.

Signed: September 14, 2021

_____
David S. Cayer
United States Magistrate Judge